UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION                                                          MDL No. 2641

TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in an action in the Eastern District of Pennsylvania (*Ebert*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Northern District of Texas or the District of Nevada. The litigation consists of 22 actions listed on Schedule A.[1]

Plaintiffs in fifteen actions and five potential tag-along actions support the motion and, plaintiffs in six of these actions alternatively suggest centralization in the Middle District of Florida. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (BPV and together, Bard) oppose centralization or, alternatively, suggest centralization in the District of Arizona or the Middle District of Florida.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions arising from allegations that defects in the design of Bard's retrievable inferior vena cava filters ("IVC filters") make them more likely to fracture, migrate, tilt, or perforate the inferior vena cava, causing injury. Centralization will eliminate duplicative discovery, avoid inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Bard does not dispute that these actions share questions of fact or that discovery will overlap. Rather, Bard argues, *inter alia*, that (1) the common discovery left to be completed is individual in nature, (2) continued informal coordination among the limited number of counsel is a better solution than formal centralization, and (3) the status of these cases counsels against centralization. The parties dispute the status of discovery, with responding plaintiffs arguing, for example, that Bard has refused to produce updated discovery since its initial productions to previous plaintiffs, while Bard argues that plaintiffs have not sought additional

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] The Panel has been informed of sixteen additional related federal actions pending in thirteen district courts. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

discovery in two years. At oral argument, plaintiffs argued that they will seek to reopen discovery in all cases to seek information relating to a recent warning letter issued to Bard by the Food and Drug Administration (FDA), while Bard argued that the letter is largely irrelevant to the pending actions and that it will produce its communications with the FDA. While acknowledging that there has been some duplication in pretrial motions practice, Bard argues that this is because plaintiffs insist on pressing the same privilege issue unsuccessfully in various courts. Centralization will streamline these discovery disputes, allow the parties to brief plaintiffs' request for additional discovery once, and result in one ruling on the contested privilege issue. Even if plaintiffs' counsel are successfully coordinating their discovery efforts and scheduling, re-litigation of the same issues in different courts significantly impacts the parties and the judiciary.

Several of the pending cases have completed discovery and some are near trial. Given the ongoing overlapping discovery disputes, we find that centralization still would promote efficiencies. While it may be that some cases are too advanced to substantially benefit from inclusion in centralized proceedings, the parties have not specifically identified any that should be excluded. The Panel has held that the transferee court is in the best position to identify claims that should be excluded from an MDL. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("[W]e are persuaded that the transferee judge is in the best position to determine whether those claims are sufficiently related to the NFL claims to remain in centralized proceedings. If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay.").

We are persuaded that the District of Arizona is an appropriate transferee district for this litigation. Defendant BPV—the Bard entity responsible for the design, testing, marketing, labeling, and post-market surveillance of Bard's IVC filters—is headquartered in this district and, therefore, documents and witnesses will be found there. The District of Arizona is not burdened by many MDLs and has the capacity and resources to successfully guide this litigation. Judge David G. Campbell, who sits in this district, is an experienced transferee judge who can prudently steer the litigation. Though a related action is not currently pending in the District of Arizona, we have found that is not a bar to centralization in a particular district. *See, e.g., In re: New Motor Vehicles Canadian Exp. Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) (centralizing six actions in the District of Maine though no constituent action was pending in that district).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Arizona, and, with the consent of that court, assigned to the Honorable David G. Campbell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Charles R. Breyer          Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

I hereby attest and certify on 8/18/15
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By_____ Deputy

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION                                                                 MDL No. 2641

## SCHEDULE A

<u>Central District of California</u>

SIZEMORE v. C.R. BARD, INC., ET AL., C.A. No. 2:15-01945

<u>Middle District of Florida</u>

TILLMAN v. C.R. BARD, INC., ET AL., C.A. No. 3:13-00222
WYATT v. C.R. BARD, INC., ET AL., C.A. No. 6:14-01853
OCASIO, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 8:13-01962

<u>Middle District of Georgia</u>

MILTON v. C.R. BARD, INC., ET AL., C.A. No. 5:14-00351

<u>Northern District of Illinois</u>

JACKSON, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 1:14-04080

<u>Eastern District of Michigan</u>

MCCLARTY, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 4:14-13627

<u>Northern District of Mississippi</u>

MUNSON v. C.R. BARD, INC., ET AL., C.A. No. 3:14-00279

<u>Western District of Missouri</u>

LEUS v. C.R. BARD, INC., ET AL., C.A. No. 4:13-00585

<u>District of Nebraska</u>

KRUSE v. C.R. BARD, INC., ET AL., C.A. No. 8:15-00108

<u>District of New Mexico</u>

ROWE v. C.R. BARD, INC., ET AL., C.A. No. 1:15-00173

- A2 -

**MDL No. 2641 Schedule A (Continued)**

<u>Western District of New York</u>

MERRITT v. C.R. BARD, INC., ET AL., C.A. No. 1:14-00917

<u>Northern District of Ohio</u>

ROEDER v. C.R. BARD, INC., C.A. No. 3:15-00858

<u>Eastern District of Pennsylvania</u>

WETZEL v. C.R. BARD, INC., ET AL., C.A. No. 2:14-02729
EBERT v. C.R. BARD, INC., ET AL., C.A. No. 5:12-01253
KEEN v. C.R. BARD, INC., ET AL., C.A. No. 5:13-05361

<u>Middle District of Tennessee</u>

MILLER v. C.R. BARD, INC., ET AL., C.A. No. 3:15-00533

<u>Northern District of Texas</u>

BRANCH v. C.R. BARD, INC., ET AL., C.A. No. 3:15-01131

<u>Southern District of Texas</u>

CORONADO v. C.R. BARD, INC., C.A. No. 2:15-00205
CONN, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 4:14-00298

<u>Eastern District of Wisconsin</u>

ANDERSON v. BARD PERIPHERAL VASCULAR, INC., ET AL., C.A. No. 1:15-00574
HENLEY, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:14-00059