# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROWE,

       Plaintiff,

      v.                                  Civ. No. 15-173 WJ/KK

C.R. BARD, INC. *et al.*,

       Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on Defendants' Motion to Compel and for Sanctions and for Entry of Order to Show Cause (Doc. 47), filed January 15, 2020. Plaintiff filed a response in opposition to the motion on January 29, 2020. (Doc. 49.) The Court, having reviewed the pleadings, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the motion is not well taken and should be DENIED.

In August 2015, this case was transferred to the United States District Court for the District of Arizona for coordinated or consolidated pretrial proceedings in the multidistrict litigation entitled *In re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641. (Doc. 26 at 1, 3, 4.) The District of Arizona did not remand the case to this District until September 2019, after the coordinated or consolidated pretrial proceedings had been completed. (Doc. 27 at 1.) This Court then entered a scheduling order in which, *inter alia*, it ordered Plaintiff to produce a completed fact sheet to Defendants by November 14, 2019. (Doc. 40 at 1.) However, Plaintiff did not produce the required fact sheet to Defendants until January 28, 2020, after multiple requests by defense counsel and after this motion was filed. (Doc. 47 at 2-3; Doc. 49 at 3.)

According to Plaintiff's counsel, Plaintiff did not timely produce the required fact sheet because, from October 2019 to mid-January 2020, he was homeless except for brief hospital stays

to treat a chronic illness, had no access to mail, a phone, or the internet, and was unable to maintain consistent contact with his attorneys or receive or return documents. (Doc. 49 at 2-3.) Plaintiff reestablished contact with his counsel after entering an inpatient care program on or about January 16, 2020, and produced the required discovery to Defendants less than two weeks later. (*Id.*)

In their motion, Defendants ask the Court to compel Plaintiff to produce the required fact sheet within five business days of the Court's ruling on their motion. (Doc. 47 at 4.) The Court will deny this portion of Defendants' motion as moot, because Plaintiff has produced the fact sheet to Defendants. (Doc. 49 at 2-3.)

Defendants also ask the Court to sanction Plaintiff for failing to timely produce the required discovery by ordering him to pay Defendants' reasonable expenses incurred in bringing this motion. (Doc. 47 at 4.) Pursuant to Federal Rule of Civil Procedure 37, if a party fails to obey an order to provide or permit discovery, the Court must generally require that party and/or its counsel to pay the opposing party's reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2)(C). However, the Court should not require the disobedient party and/or its counsel to pay the opposing party's expenses if the failure to obey the Court's discovery order was "substantially justified or other circumstances make an award of expenses unjust." *Id.*

Here, the Court finds that Plaintiff's recent homelessness and hospital stays would make it unjust for the Court to award expenses against Plaintiff personally. The Court further finds that Plaintiff's counsel's attempts to contact his client, obtain the required discovery, and produce it to Defendants were reasonable and appropriate, and thus that an award of expenses against counsel would be unjust as well. The Court therefore declines to order Plaintiff or his counsel to pay Defendants' reasonable expenses incurred in bringing this motion to compel.

Finally, Defendants ask the Court to sanction Plaintiff for failing to timely produce the required discovery and to otherwise prosecute his case by ordering him to show cause why his case should not be dismissed with prejudice. (Doc. 47 at 4); *see, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(v) (court may dismiss action in whole or in part as sanction for failing to obey discovery order). Before dismissing a case as a sanction for a discovery violation or for failure to prosecute the case, courts should generally consider the following factors:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and[,] (5) the efficacy of lesser sanctions.

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). "[D]ismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143. "[D]ismissal represents an extreme sanction," *Ehrenhaus*, 965 F.2d at 920, and "is appropriate only in cases of willful misconduct." *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (internal quotation marks omitted).

In the present matter, the Court concludes that it would be inappropriate to impose the extreme sanction of dismissal against Plaintiff for failing to timely provide Defendants with a completed fact sheet. First, any actual prejudice to Defendants, and any interference with the judicial process, have been relatively mild. Defendants now have the required discovery; case-specific fact discovery does not close until October 29, 2020; and, trial has not yet been scheduled. (Doc. 40 at 1.) Particularly in the context of a case that has been pending since 2015 through no fault of Plaintiff's, these factors weigh against the sanction of dismissal.

Second, Plaintiff has not on this occasion acted willfully in failing to timely produce the required discovery to Defendants. Rather, it appears that inadvertent homelessness and health issues prevented him from doing so. Plaintiff's present lack of willfulness also weighs against dismissing his claims against Defendants. *Conkle*, 352 F.3d at 1337.

Finally, the Court has not yet warned Plaintiff that dismissal is a likely sanction for failing to timely produce the required discovery; and to date, no lesser sanctions have been tried and found ineffective. *See id.* Thus, these factors also weigh against entering a dismissal against Plaintiff. In short, at present, all of the *Ehrenhaus* factors weigh against imposing the sanction of dismissal against Plaintiff for failing to timely produce the required discovery, and the Court will therefore deny Defendants' motion for such relief. However, Plaintiff is cautioned that continued failures to timely produce discovery and/or comply with this Court's Orders may result in sanctions, up to and including dismissal of this action with prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel and for Sanctions and for Entry of Order to Show Cause (Doc. 47) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE